United States District Court
Southern District of Texas
**ENTERED**
October 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE EARL JOHNSON, TDCJ–CID #01722006, | § § § § § § § § § § § § | |
| *Petitioner*, | | |
| v. | | CIVIL ACTION NO. H-22-3628 |
| BOBBY LUMPKIN, | | |
| *Respondent*. | | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition challenging a prison disciplinary conviction as a violation of his due process rights. He complains that, on November 8, 2021, he was found guilty of a disciplinary infraction at the Estelle Unit for possession of a controlled substance, synthetic marijuana. He was sanctioned with commissary and recreation restrictions, loss of line class status, and loss of 364 days' accrued good time credit. Petitioner states that his administrative appeals of the disciplinary conviction were denied.

Petitioner seeks reversal of the disciplinary conviction and the return of his prison privileges, line class status, and good time credit. A prisoner's constitutional rights in context of prison disciplinary proceedings are governed by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule infractions are entitled to due process only when the disciplinary action

may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A Texas prisoner can demonstrate a constitutional due process violation in connection with a prison disciplinary proceeding only if he is eligible for mandatory supervised release and the disciplinary conviction resulted in loss of accrued good time credit. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

Petitioner here does not meet these requirements. His reduction in line class status and temporary loss of prison privileges did not trigger due process protections. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *see also Malchi*, 211 F.3d at 959; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Although petitioner was sanctioned with a loss of accrued good time credit, he does not report that he is eligible for mandatory supervised release. To the contrary, public online records for the Texas Department of Criminal Justice show that petitioner is currently incarcerated under two convictions for aggravated robbery. As a Texas inmate serving a sentence for aggravated robbery, petitioner is not eligible for early release on mandatory supervision as a matter of law. *See* TEX. GOV'T CODE § 508.149(a)(12) (providing that an inmate previously convicted of aggravated robbery in violation of Texas Penal Code § 29.03 is not eligible for mandatory supervision). Thus, petitioner was not entitled to due process protections in his disciplinary proceeding and no cognizable ground for federal habeas relief is raised.

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a cognizable federal habeas claim. All pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____OCT 2 8 2022_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE